UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YUMEI WU,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-04953-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On June 26, 2026, petitioner, proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging her detention by Immigration and Customs Enforcement ("ICE") officials without prior notice and a hearing (Doc. No. 1) and a motion for temporary restraining order seeking her immediate release from custody (Doc. No. 2). On June 29, 2026, the court set a briefing schedule on the pending motion and directed respondents to indicate in their opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 5.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in their opposition and provide substantive reasons in support of that position.  (*Id.*)

/////

1

On June 30, 2026, respondents filed a combined response to the petition for writ of *habeas corpus* and opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that filing, respondents argue that this case is distinguishable from the cases cited in the court's order because petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), and has already received a bond hearing before an immigration judge ("IJ").  (Doc. No. 6.)  Respondents contend that petitioner should be required to exhaust her administrative remedies by appealing the IJ's decision denying her bond to the BIA before seeking *habeas* relief.  (*Id.* at 3–5.)  Respondents have not stated any opposition to this court ruling directly on the merits of the petition based on the current briefing, and the court will do so.

Based upon the parties' briefing, the court finds the following facts.  On October 5, 2015, petitioner was lawfully admitted to the United States on a B-2 visitor visa with authorization to remain in this country until April 4, 2016.  (Doc. No. 1-1 at 7.)  Petitioner remained in the United States past that authorization date and has continuously resided here for over ten years following her original entry in 2015.  (Doc. No. 1 at ¶ 1.)  In 2016, petitioner was arrested following two traffic stops where law enforcement discovered marijuana in the vehicle and she subsequently pled guilty to a violation of California Penal Code § 32 for being an accessory after the fact in the commission of a crime.  (Doc. Nos. 1 at ¶ 19; 1-1 at 10.)

On November 1, 2018, petitioner filed an I-485 application for adjustment of status with the United States Citizenship and Immigration Services ("USCIS").  (Doc. No. 1-1 at 38.)  Her U.S. citizen husband filed an I-130 petition for an alien relative with USCIS on the same day. (*Id.* at 17.)  On June 28, 2024, petitioner's I-485 application was denied in part because USCIS determined that she had failed to submit evidence that her prior arrests were for traffic violations as opposed to controlled substance offenses.  (*Id.* at 38–39.)  On July 30, 2024, she filed a motion to reopen and/or reconsider that decision.  (*Id.* at 23.)   On September 5, 2024, that motion was granted and the decision denying her I-485 application was withdrawn.  (*Id.* at 23.)  Petitioner has been granted employment authorization through April 23, 2030.  (Doc. No. 1-1 at 47.)

On May 26, 2026, petitioner appeared in person at a USCIS office for an interview related to her re-opened I-485 application for adjustment of status.  (Doc. No. 1 at ¶ 8.)  During that

2

interview, petitioner alleges that the USCIS officer wrongfully accused her of having a record of drug charges and ultimately referred her case to ICE. (*Id.*) Petitioner alleges that ICE officers subsequently arrested her in the interview room without presenting a warrant and informed her that she was being arrested for overstaying her visa.[1] (Doc. No. 2-2 at ¶ 5.) Petitioner was not given prior notice that immigration officials intended to arrest her. (*Id.*) On June 17, 2026, petitioner received a bond hearing at which the IJ denied her release on bond. (Doc. No. 9 at ¶ 9.)

Pursuant to the reasoning set forth in *Yero v. U.S. Gen. Att'y*, No. 1:26-cv-04312-DAD-JDP, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026) the court rejects respondents' argument that petitioner should be required to exhaust her administrative remedies before pursuing *habeas* relief because the court finds that demanding exhaustion in this case would be futile. Here, petitioner argues that ICE's decision to detain her without notice and an individualized pre-detention hearing violated her right to due process (Doc. No. 1 at ¶¶ 35–40), and "administrative exhaustion would not cure the due process violation that petitioner experienced when [s]he was detained without notice or an individualized assessment." *Yero*, 2026 WL 1707102, at *3.

Having considered the parties' arguments, the court finds persuasive its analysis in *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026) where the petitioner entered the United States on a nonimmigrant visa and subsequently applied for asylum thus establishing that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on the expiration of that status. In *Kalkan*, the court concluded that the petitioner had a liberty interest in remaining free from detention. *Id.* Similarly here, petitioner entered the United States on a nonimmigrant visa, stayed past the authorization date, subsequently applied for an adjustment of status establishing that the government was aware of her presence, and the government failed to promptly detain her upon the expiration of her lawful presence status.

---

[1] The court observes that respondents' evidence offered in support of their opposition reveals that those ICE officials conducted an interview with petitioner before arresting her. (Doc. No. 6-1 at 2.) However, respondents offer no explanation as to what was discussed at that interview, nor do they contest petitioner's allegations that she was immediately arrested by ICE official in the room where the adjustment of status interview was held.

3

Accordingly, the court concludes that petitioner here had a liberty interest in remaining out of immigration custody.  Further, pursuant to the court's reasoning in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the petitioner's had such a liberty interest, the court concludes that petitioner is entitled to her immediate release.

For the reasons stated above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.      Respondents are ORDERED to immediately release petitioner Yumei Wu, A-File No. 219-052-380, from respondents' custody;

    b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner poses a flight risk or a danger to the community by clear and convincing evidence;

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting her *habeas* relief;

3.      The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

4.      The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 1, 2026**                    _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE